UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS HERMIZ,

        Plaintiff,                                  Case Number 16-11214
v.                                                     Honorable David M. Lawson
                                                          Magistrate Judge Stephanie Dawkins Davis
DAVID BUDZYNOWSKI,
JIM WERN, KYLE KNAUSS
and KRISTEN ROBINSON,

        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' SECOND MOTION TO COMPEL, AND
HOLDING NON-PARTIES RUB BBQ PUB AND SAM YONO IN CONTEMPT**

On June 1, 2017, Magistrate Judge Stephanie Dawkins Davis issued a report recommending that the Court grant the defendants' second motion to compel, in which they ask the Court to issue an order for non-party Rub BBQ Pub to show why it should not be held in contempt for failure to respond to a subpoena seeking payroll records relating to plaintiff Travis Hermiz. The Court has reviewed the record of proceedings and the magistrate judge's report, and the Court finds that the defendants' motion should be granted and the deponent and its principal should be held in contempt for failing to respond to the defendants' subpoena.

Although the report stated that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report, no objections have been filed thus far. The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the matter. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court

agrees with the findings and conclusions of the magistrate judge. Because the ultimate sanction sought by the motion was an order of contempt, the magistrate judge did not issue a final order on the motion, but she made findings of fact based on the record submitted by the parties, which are summarized below. *See* 28 U.S.C. § 636(e)(6)(B).

The plaintiff testified that he was employed by Rub BBQ Pub, which is owned by his uncle, Sam Yono. The defendants' attorney served a subpoena on Yono commanding him to appear for a deposition and to produce records relating to the plaintiff's employment. That subpoena was served by certified mail, and a signed return receipt was received by the defendants' attorney. Yono subsequently communicated with defense counsel several times by phone and email, confirming that he had received the subpoena and intended to comply with it by producing the requested records. Yono indicated that his work on compiling the records was delayed by an illness, but he ultimately promised to produce all of the records by the end of the day on February 3, 2017. When no records were forthcoming by that date, the defendants filed their motion to compel seeking to enforce the subpoena. On February 10, 2017, the Court issued an order for Rub BBQ Pub to respond to the motion to compel, on or before February 27, 2017. *See* Scheduling Order [dkt. #56]. The Court's order stated that failure to comply with the subpoena or to respond to the motion to compel could result in sanctions including contempt. On February 17, 2017, defense counsel filed a certificate of service indicating that a copy of the order was served on Rub BBQ Pub by regular mail and email. No response to the motion to compel or the Court's order ever was filed or otherwise submitted to the Court by either Rub BBQ Pub or Mr. Yono.

The record of proceedings also includes a certificate of service filed by the defendants on June 27, 2017, which indicates that the magistrate judge's report and recommendation that

recommended granting the defendant's motion to compel and holding Rub BBQ Pub in contempt was served on Rub BBQ Pub and on Mr. Yono by email and regular mail on June 13, 2017. No objections to the report and recommendation have been filed by any party, and the time for doing so now has passed. To date, Rub BBQ Pub and Mr. Yono have not filed any papers with the Court or offered any explanation for their failure to honor the subpoena.

Based on the record of proceedings and the magistrate judge's findings, the Court finds that non-party witnesses Rub BBQ Pub and Sam Yono have failed or refused to appear and be deposed and to produce records in response to the defendants' subpoena. The Court "may hold in contempt a person who . . . fails without adequate excuse to obey [a] subpoena." Fed. R. Civ. P. 45(g). The Court therefore will hold Rub BBQ Pub and Mr. Yono in contempt and order Yono to appear and explain why he should not be imprisoned until he complies with the subpoena.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #86] is **ADOPTED**, and the defendants' second motion to compel [dkt. #51] is **GRANTED**.

It is further **ORDERED** that Rub BBQ Pub and Sam Yono are **HELD IN CONTEMPT** for their failure or refusal to appear and be deposed and to produce records in response to the defendants' subpoena.

It is further **ORDERED** that Sam Yono **MUST APPEAR** before the United States District Court for the Eastern District of Michigan, presided over by the undersigned in his courtroom in the United States Courthouse in Courtroom 716, 231 W. Lafayette, Detroit, Michigan, 48226, **on Wednesday, August 2, 2017 at 3:30 p.m.** to explain why he should not be **IMPRISONED** until he complies with the defendants' subpoena. The Court hereby advises witness Yono that if he fails

to appear as directed, then the Court will issue a **WARRANT FOR HIS ARREST** by officers of the United States Marshal Service.

It is further **ORDERED** that the defendants' attorney must serve a copy of this order to appear on Sam Yono by personal service **on or before July 21, 2017** and file a certificate of service.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: July 6, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 6, 2017.

s/Susan Pinkowski  
SUSAN PINKOWSKI

---